UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID DEBLANC                                    CIVIL ACTION

VERSUS                                           NO. 08-3440

DONALD ZANOTELLI ET AL.                          MAGISTRATE JUDGE
                                                 JOSEPH C. WILKINSON, JR.


**ORDER ON MOTION**

APPEARANCES:  None (on the briefs)

MOTION:          Defendants' Motion for Summary Judgment Pursuant to FRCP 56,
                 Record Doc. No. 26

O R D E R E D:

 XXX :  DENIED. The crux of defendants' motion is that they had probable cause to
arrest plaintiff on a charge of personation of a police officer in violation of La. Rev. Stat.
§ 14:112. They argue that, given probable cause, all of plaintiff's claims[1] must be
dismissed.

          To succeed on a claim of false arrest in violation of the Fourth Amendment or
under state law, plaintiffs must establish that defendants did not have probable cause to
make an arrest.  Probable cause exists when the facts available at the time of the arrest
would support a reasonable person's belief that an offense has been or is being
committed and that the individual arrested is the guilty party.  United States v. Raborn,
872 F.2d 589, 593 (5th Cir. 1989); Tabora v. City of Kenner, 650 So. 2d 319, 322 (La.
App. 5th Cir. 1995); Sorenson v. Ferrie, 134 F.3d 325, 328 (5th Cir. 1998) (citation
omitted); Wells v. Bonner, 45 F.3d 90 (5th Cir. 1995).  Under state law, probable cause

---

[1]In addition to his false arrest/false imprisonment claims, plaintiff's complaint also asserts a state
law battery claim. Record Doc. No. 1 (Complaint at ¶ 10). Defendants' motion is focused exclusively
on plaintiff's arrest and the alleged probable cause supporting it. The motion does not address plaintiff's
state law battery claim, which therefore is not addressed in this order. In light of plaintiff's own
deposition testimony, however, Record Doc. No. 26-4 (Defendants' Exhibit 2, Deposition of David
DeBlanc at pp. 67 (l. 17-25) -68 (l 1-13), counsel should discuss whether the pretrial order in this case
should make clear that any state law battery claim asserted by plaintiff in this case should be dismissed.

exists "when the detaining officer has articulable knowledge of particular facts sufficient to <u>reasonably</u> suspect the detained person of criminal activity." <u>Tabora v. City of Kenner</u>, 650 So. 2d 319, 322 (La. App. 5th Cir. 1995) (citing <u>State v. Buckley</u>, 426 So.2d 103 (La. 1983); <u>State v. Franklin</u>, 598 So.2d 1147 (La. App. 1st Cir. 1992) (emphasis added)).

The test for reasonableness under the Fourth Amendment requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether the suspect was actively resisting arrest or attempting to evade arrest by flight. <u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989). The question is whether the officer's actions were objectively <u>reasonable</u> in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation. <u>Id.</u> at 397.

In the Fifth Circuit, a court's "determination concerning probable cause is guided by the Supreme Court's mandate in <u>Illinois v. Gates</u>: We look to the totality of the circumstances to determine whether probable cause, or in this case arguable probable cause, existed. We are mindful of the notion that 'probable cause is a fluid concept – turning on the assessment of probabilities in particular factual contexts – not readily, or even usefully, reduced to a neat set of legal rules.'" <u>Mendenhall v. Riser</u>, 213 F.3d 226, 231 (5th Cir. 2000) (citations omitted). A later dismissal of charges, or even a subsequent failure of a court to find probable cause, is not determinative. "The law charges us with determining the reasonableness of the actions taken in light of the cause that existed <u>at the time of arrest</u> . . . . 'whether [an] arrest [is] constitutionally valid depends in turn upon whether, <u>at the moment the arrest was made</u>, the officers had probable cause to make it – <u>whether at that moment</u> the facts and circumstances within their knowledge and of which they had reasonable trustworthy information were sufficient to warrant a prudent man in believing that the [plaintiff] had committed or was committing an offense.'" <u>Id.</u> at 231 (citations omitted) (emphasis in original).

On summary judgment, the court cannot make credibility determinations. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . [when] ruling on a motion for summary judgment . . . . The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986); <u>accord</u> <u>Evans v. Ball</u>, 168 F.3d 856, 858 (5th Cir. 1999); <u>Crowe v. Henry</u>, 115 F.3d 294, 296 (5th Cir. 1997). In addition, the court must consider all evidence and construe all factual controversies in the light most favorable to the nonmovant. <u>National Ass'n of Gov't Employees v. City Pub. Serv. Bd.</u>, 40 F.3d 698, 712, 712-13 (5th Cir. 1994);

Applying these standards, I find that the evidentiary record does not establish a clear set of uncontested facts on which it must be concluded as an undisputed matter that probable cause supported the arrest. Based primarily on the slender reed created by plaintiff's sometimes vague, sometimes internally inconsistent deposition testimony, which certainly is not entirely clear, I find that material facts are in dispute, including but not limited to exactly what plaintiff said (and when he said it) about his status as a police officer; the overall context in which plaintiff's statements were made; and whether plaintiff's arrest was reasonable, i.e. whether defendants could reasonably believe that plaintiff was falsely impersonating a police officer and/or that he was seeking some advantage if he did so, such that probable cause for the arrest did or did not exist. Under these uncertain circumstances, I cannot grant summary judgment and feel constrained to commit this unclear evidentiary record to the jury for resolution.

New Orleans, Louisiana, this _____23rd_____ day of September, 2009.


JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE